# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION, <br><br> Plaintiff, <br> LIBERTY MUTUAL GROUP and LIBERTY MUTUAL GROUP, INC., <br><br> Consolidated Plaintiffs, <br><br> v <br><br> PGT TRUCKING, INC., SUDBURY EXPRESS, INC. and INNERLINK STRATEGIC SOLUTIONS, INC., <br> Defendants. | 2:11-cv-151 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is the MOTION SEEKING DISMISSAL OF THE SECOND AND THIRD COUNTS OF DEFENDANTS' COUNTERCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ON BEHALF OF LIBERTY INSURANCE CORPORATION (Document No. 22).[1] Plaintiff Liberty Insurance Corporation ("Liberty") has filed a brief in support of the motion, Defendants-Counterclaimants PGT Trucking, Inc., Sudbury Express, Inc. and Innerlink Strategic Solutions, Inc. (collectively "PGT") have filed a response and brief in opposition to the motion, Liberty has filed a reply brief, and the motion is ripe for disposition.

---

[1] The parties have notified the Court that the motions at Document Nos. 21 and 29 have been resolved by a Stipulation of the parties, and accordingly, they will be **DENIED AS MOOT**.

Factual and Procedural Background

This case involves a retrospective insurance premium arrangement by which Liberty administered PGT's workers compensation program from December 2005 through December 2009. In such an arrangement, the insurance premium is adjusted after-the-fact based on the cost of claims actually paid by the insurer under the policy during the relevant time period. In the underlying four-count Complaint, Liberty seeks a declaration of its rights under the insurance policies it provided to PGT, and recovery of unpaid premiums of $183,495.00, as calculated pursuant to the Large Risk Alternative Rating Option Endorsement/Retrospective Rating Plan ("LRARO") set forth in the parties' contract.

PGT filed an Answer, Affirmative Defenses and a three-count Counterclaim against Liberty. The Counterclaim contains 61 paragraphs, many of which contain sub-parts. The Counterclaim is substantially identical to the Amended Complaint filed by PGT at Civil Action No. 11-274.[2] Count I of the Counterclaim, which Liberty does not seek to dismiss, asserts a claim for breach of contract. Count II asserts a statutory claim for insurer Bad Faith pursuant to 42 Pa.C.S.A. § 8371. Count III alleges that due to the unique relationship created by a retrospectively-rated policy, Liberty owed a fiduciary duty to PGT. Liberty seeks dismissal of Counts II and III of PGT's counterclaim. Contemporaneously with filing its motion for partial dismissal, Liberty filed an Answer to the Counterclaim (Document No. 20, re-docketed after errata at Document No. 23).

---

[2] By Order of Judge Nora Barry Fischer dated March 28, 2011, Civil Action No. 11-274 was consolidated with this case and all pending motions were denied as moot. The case was reassigned to this member of the Court on May 27, 2011.

Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the legal sufficiency of the Complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (alterations in original).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Twombly,* the "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The Supreme Court has subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937, 1950 (2009).

However, nothing in *Twombly* or *Iqbal* has changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6). That is, the Supreme Court did not impose a new, heightened pleading requirement, but reaffirmed that Federal Rule of Civil Procedure 8 requires only a short, plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (*citing Twombly*, 550 U.S. at 552-53). Additionally, the Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id*. (*citing Twombly*, 550 U.S. at 553). As described in *Fowler v. UPMC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009), the Court must first distinguish between

factual allegations and legal conclusions in the complaint and then determine whether the well-pleaded factual allegations and favorable inferences drawn therefrom show an entitlement to relief.

Legal Analysis

Liberty contends that the breach of fiduciary duty claim (Count III) is legally flawed because Pennsylvania law does not recognize a fiduciary duty in the context of a contractual insurer-insured relationship. As to PGT's Pennsylvania statutory bad faith claim (Count II), Liberty concedes that it is cognizable in theory but contends that the Counterclaim fails to allege sufficient facts. In particular, Liberty contends that Paragraph 103 contains only a long laundry list of bald assertions and sweeping legal conclusions, without any supporting facts to show that Liberty acted in bad faith. PGT, in response, contends that the unique relationship created by a retrospective insurance policy creates a fiduciary duty and that its Counterclaim is sufficiently detailed.

    A. Breach of Fiduciary Duty Claim

The Court turns first to the question of whether PGT's breach of fiduciary duty claim is viable. There does not appear to be a directly-applicable, binding precedent under Pennsylvania law as to whether a retrospective premium policy creates a fiduciary duty on the insurer. The parties have summarized two conflicting lines of cases. The Court must predict how the Pennsylvania courts would reconcile these competing authorities.

Liberty correctly recites the general rule that insurers are not subject to tort claims. The principle that contractual relationships do not give rise to tort claims is sometimes referred to as

the "gist of the action" doctrine. "In Pennsylvania, there is no separate tort-law cause of action against an insurer for negligence and breach of fiduciary duty: such claims must be brought in contract." *Ingersoll-Rand Equipment Corp. v. Transportation Ins. Co.*, 963 F.Supp. 452, 453-54 (M.D. Pa. 1997) (*citing Greater N.Y. Mut. Ins. Co. v. North River Ins. Co.*, 872 F.Supp. 1403, 1406, 1409 (E.D.Pa.1995), aff'd, 85 F.3d 1088 (3d Cir.1996); *D'Ambrosio v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 494 Pa. 501, 507–08, 431 A.2d 966, 969–70 (1981); *Gedeon v. State Farm Mut. Auto. Ins. Co.*, 410 Pa. 55, 58, 188 A.2d 320, 321 (1963); *Cowden v. Aetna Cas. & Sur. Co.*, 389 Pa. 459, 468, 134 A.2d 223, 227 (1957)). However, none of the cases cited by Liberty has applied this general rule to a retrospective premium arrangement.

As PGT correctly points out, the courts have recognized the uniqueness of retrospective premium policies. In *Liberty Mut. Ins. Co. v. Marty's Express, Inc.*, 910 F.Supp. 221 (E.D. Pa. 1996), the Court described the potential conflict of interest created by such an arrangement:

> ... Liberty Mutual was confronted with potentially conflicting interests when it handled claims against Port East that were covered by a retrospective premium policy. There may have been, as Port East suggests, a temptation to act somewhat more cavalierly when spending someone else's money than when spending its own. Moreover, there may have been a temptation toward generosity when the insurer's fee increased with each dollar paid out.

*Id*. at 223-24 (*citing Port East Transfer, Inc. v. Liberty Mutual Insurance Co.*, 330 Md. 376, 624 A.2d 520 (Md. 1993)). Improper claims handling will also increase the insurer's fee. *Id*. These potential conflicts made retrospective policy arrangements "qualitatively different" from standard insurance contracts. *Id*. at 224. Accordingly, the Court held that although the insured had a duty to come forward with *some* evidence of bad faith, in an action to collect unpaid retrospective premiums, the insurer bore the burden to prove that it had acted reasonably and in good faith. *Id.* at 225 (emphasis in original). In *Argonaut Ins. Co. v. HGO, Inc., Cohen-Seltzer, Inc.*, 1996 WL 433564 (E.D. Pa. 1996), the Court explicitly held that an insured could pursue a

5

bad faith claim for an insurer's improper handling of a retrospective premium arrangement. PGT argues that because the insurer is actually managing the funds of the insured, rather than its own funds, a fiduciary duty is created. However, none of these cases explicitly addressed a breach of fiduciary duty claim.

Cases from other jurisdictions are split. Several courts have recognized the existence of a fiduciary duty. In *Liberty Mut. Fire Ins. Co. v. Cagle's, Inc*., 2010 WL 5288673 (N.D. Ga. 2010) (involving a similar workers compensation retrospective premium arrangement), the Court refused to dismiss a breach of fiduciary duty claim and rejected Liberty's reliance on the "gist of the action" doctrine. *Accord Employers Ins. Co. of Wausau v. Crouse-Community Center, Inc.*, 489 F.Supp.2d 176, 180 (N.D.N.Y. 2007) (retrospective premium arrangement is an exception to New York's general rule that insurer owes no fiduciary duty); *Allsup's Convenience Stores, Inc. v. North River Ins. Co*., 976 P.2d 1, 15 (N.M. 1998) (retrospective premium plan created fiduciary duty). Other courts have reached the opposite result. *See Wayne Duddlesten, Inc. v. Highland Ins. Co*., 110 S.W.3d 85 (Tex. App.–Houston 2003) (dismissing fiduciary duty claim where insured failed to allege facts to show that confidential relationship existed with insurer); *Cherne Contracting Corp. v. Wausau Ins. Companies*, 572 N.W.2d 339 (Minn. App. 1997) (bad faith standard, not tort standard, applies to insurer's alleged breach of contractual duty of good faith). In *Garrison Contractors, Inc. v. Liberty Mut. Ins. Co*., 927 S.W.2d 296, 301 (Tex. App.–El Paso 1996) (no fiduciary duty because retrospective premium arrangement was created by contract), the Court reasoned: "the fact that one business person trusts another and relies on a promise to perform a contract does not rise to the level of a confidential relationship for purposes of establishing a fiduciary duty."

In *Corrado Bros., Inc. v. Twin City Fire Ins. Co.*, 562 A.2d 1188 (Del. 1989), the Court articulated a "middle ground" position. The Supreme Court of Delaware held that a retrospective insurance relationship did impose a heightened duty of good faith and reasonable care on the insurer. *Id*. at 1191. Nevertheless, the Court reasoned that the arrangement did not create a fiduciary duty as the essential relationship was established by an adversarial arm's-length contractual negotiation in which each party was able to protect its rights and the parties' respective interests were not perfectly aligned. *Id*. at 1192.

The Court concludes that Pennsylvania would adopt the rationale set forth in *Corrado Bros*., as it appears to harmonize the conflicting lines of cases cited by the parties.[3] To wit, retrospective premium arrangements are "qualitatively different" and do create a unique duty of good faith and reasonableness for the insurer. However, this enhanced duty arises under the insurance contract and does not support an independent cause of action for breach of a fiduciary duty. PGT may pursue relief for an alleged breach of the duty of good faith and reasonableness under Count I (Breach of Contract). *See, e,g., Argonaut*, 1996 WL at 433564 *4 (claim for breach of duty of good faith and fair dealing in retrospective premium arrangement sounded in contract). Accordingly, Count III of the Counterclaim will be **DISMISSED**.

b.      Statutory Bad Faith Claim

The Court now turns to Liberty's contention regarding the lack of "facts" regarding alleged bad faith pled in Count II of the Counterclaim. A cause of action for bad faith under Pennsylvania law requires clear and convincing evidence that: (1) the insurer did not have a reasonable basis for its action, and (2) the insurer knew or recklessly disregarded its lack of a

---

[3] The breach of fiduciary duty analysis in Corrado was followed by the Court of Common Pleas of Philadelphia County in *Pyrites Co. v. Century Indem. Co*., 2007 WL 5160528 *1 (Pa.Com.Pl. Dec 12, 2007).

reasonable basis for its conduct. *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000). "[B]ad faith must be proven by clear and convincing evidence and not merely insinuated." *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994) (citations omitted). "Conclusory" or "bare-bones allegations" will not survive a motion to dismiss. *Fowler*, 578 F.3d at 210.

Upon review of the Counterclaim, the Court concludes that it fails to allege sufficient facts to support a bad faith claim. The Counterclaim thoroughly pleads the existence of a retrospective premium insurance relationship, but contains only vague, bare-bones allegations as to the actual alleged bad faith conduct of Liberty. The operative averment, Paragraph 103, states that Liberty engaged in bad faith conduct "by ***doing or failing*** to do ***one or more*** of the following" (emphasis added) – setting forth a laundry list of twenty-nine (29) generic, generalized accusations. For example, PGT baldly asserts that Liberty failed to adequately defend, failed to adequately investigate, failed to settle at appropriate values, failed to supervise and manage claims, failed to act in the best interests of PGT and/or failed to adequately protect PGT's interests. Completely absent from the Counterclaim are any facts that describe who, what, where, when, and how the alleged bad faith conduct occurred. PGT's Counterclaim does not even identify which of the twenty-nine (29) "laundry list" accusations may be applicable. The averments in Paragraphs 84-90 are also mere bare-bones conclusions. In addition, the Counterclaim entirely fails to plead facts to show how the alleged bad faith could have caused PGT to incur damages, that Liberty lacked a reasonable basis for its actions or that Liberty disregarded its alleged lack of reasonableness.

It is not sufficient for PGT to plead the mere existence of a retrospective premium relationship and then to list the myriad of ways in which bad faith might, theoretically, have

occurred.  Such bare-bones insinuations do not satisfy the *Twombly* standard.  *See Eley v. State Farm Ins. Co.,* 2011 WL 294031, *4 (E.D. Pa. 2011) (dismissing similar conclusory bad faith claim); *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F.Supp.2d 591 (E.D. Pa. 2010) (same); *Robbins v. Metro. Life Insurance Company of Connecticut*, 2008 WL 5412087, at *7–8 (E.D. Pa. 2008) (same).  Rather, PGT must plead sufficient facts to make out a plausible claim that Liberty actually acted in bad faith.[4]  Accordingly, Count II of the Counterclaim will be **DISMISSED**.

An appropriate Order follows.

McVerry, J.

---

[4] PGT similarly failed to plead any facts – as opposed to a laundry list of generic conclusions – to demonstrate how Liberty allegedly violated a fiduciary duty, had the Court determined that such a theory was cognizable.

9

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LIBERTY INSURANCE CORPORATION,** | ) )  |
| **Plaintiff,** | ) ) 2:11-cv-151 |
| **LIBERTY MUTUAL GROUP and LIBERTY MUTUAL GROUP, INC.,** | ) ) ) |
| **Consolidated Plaintiffs,** | ) ) ) |
| **v** | ) ) |
| **PGT TRUCKING, INC., SUDBURY EXPRESS, INC. and INNERLINK STRATEGIC SOLUTIONS, INC.,** | |
| **Defendants.** | |

## ORDER OF COURT

AND NOW, this 27th day of June 2011, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION SEEKING DISMISSAL OF THE SECOND AND THIRD COUNTS OF DEFENDANTS' COUNTERCLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ON BEHALF OF LIBERTY INSURANCE CORPORATION (Document No. 22) is **GRANTED** and Counts II and III of the Counterclaim are hereby **DISMISSED**. The motions at Document Nos. 21 and 29 have been resolved by Stipulation of the parties and are therefore **DENIED AS MOOT.**

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Jonathan M. Kuller, Esquire**
Email: JKuller@GoldbergSegalla.com
**Matthew R. Shindell, Esquire**
Email: mshindell@goldbergsegalla.com

**John T. Pion, Esquire**
Email: jpion@pionjohnston.com
**Timothy R. Smith, Esquire**
Email: tsmith@pionjohnston.com