IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY INSURANCE CORPORATION,<br><br>                   **Plaintiff,**<br>                     v.<br>PGT TRUCKING, INC., and<br>SUDBURY EXPRESS, INC.,<br>                   **Defendants.** | )<br>)<br>)<br>)  **2:11-cv-151**<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the MOTION, PURSUANT TO FED. R. CIV. P. 16, SEEKING TO PRECLUDE DEFENDANTS FROM CHALLENGING ANY ASPECT OF PLAINTIFF'S CLAIMS HANDLING RELATING TO SETTLEMENTS, RESERVE CHANGES, AND/OR SIGNIFICANT CLAIMS HANDLING DECISIONS WITH WHICH DEFENDANTS AGREED; AND/OR FROM CHALLENGING PLAINTIFF'S CLAIMS HANDLING WITH REGARD TO ANY ISSUE THAT AROSE FROM OR RELATES TO DEFENDANTS' SELF-ADMINISTRATION OF WORKERS' COMPENSATION CLAIMS AND/OR FROM THE IMPROPER EMPLOYMENT AGREEMENTS THAT DEFENDANTS REQUIRED THEIR TRUCK DRIVING EMPLOYEES TO SIGN AS A CONDITION OF EMPLOYMENT (Document No. 63). Plaintiff Liberty Insurance Corporation ("Liberty") has filed a brief, a Declaration of Jon Helegda, Liberty's Account Manager, and exhibits in support of the motion. Defendants-Counterclaimants PGT Trucking, Inc. and Sudbury Express, Inc. (collectively "PGT") have filed a response[1] and brief in opposition to the motion and a

---

[1] PGT's "response" purports to also assert a "cross-motion" to strike several affirmative defenses asserted by Liberty (Document No. 74). PGT's filing does not comport with Local Rule 5.1F, which requires all motions to be set forth in a separate document. In any event, PGT has not articulated a valid basis to strike those defenses prior to discovery. Accordingly, PGT's "cross-motion" will be **DENIED**.

1

Declaration from Paul Vargo, PGT's Risk Manager. Liberty has filed a reply brief, and the motion is ripe for disposition.

Factual and Procedural Background

This case involves a retrospective insurance premium arrangement by which Liberty administered PGT's workers compensation program from December 2005 through December 2009. In such an arrangement, the insurance premium is adjusted after-the-fact based on the cost of claims actually paid by the insurer under the policy during the relevant time period. In the underlying four-count Complaint, Liberty seeks a declaration of its rights under the insurance policies it provided to PGT, and recovery of unpaid premiums of $183,495.00, as calculated pursuant to the Large Risk Alternative Rating Option Endorsement/Retrospective Rating Plan ("LRARO") set forth in the parties' contract. PGT filed an Answer, Affirmative Defenses and a three-count Counterclaim against Liberty. By Order dated June 27, 2011, the Court dismissed PGT's "bad faith" and breach of fiduciary duty theories, but permitted the breach of contract claim to proceed. A case management conference was held on July 18, 2011. An ADR mediation conference is to be concluded prior to October 17, 2011.

Standard of Review

Liberty filed the instant motion pursuant to Fed. R. Civ. P. 16 by invoking the Court's authority to manage the case and to prevent wasteful pretrial activities. In essence, Liberty seeks to preclude PGT from engaging in any discovery on certain issues because – in its view -- the "core facts," as itemized at page 3 of Liberty's Reply Brief, are not subject to meaningful challenge. Because discovery has not yet commenced, the Court must accept the "facts" set

2

forth in the parties' pleadings. The instant motion is akin to a motion for judgment on the pleadings, which will be analyzed under the *Twombly* and *Iqbal* standard. *See, e.g. Pumphrey v. Smith*, 2010 WL 4983675 (W.D. Pa. 2010). At this stage of the case, the Court will not adopt Liberty's version of the facts, as set forth in the Declaration of Jon Helegda, because PGT has not yet had an opportunity to contest those alleged "facts."

Legal Analysis

Liberty asks the Court to preclude PGT from seeking relief with regard to: (1) "any aspect of Plaintiff's claims handling that relates to decisions with which Defendants agreed (such as settlements or reserve charges or significant claims handling decisions)"; (2) "issues relating to Defendants' own improper conduct (such as requiring their truck driving employees to sign, as a condition of employment, an improper employment agreement the intent of which was to require the employees to waive their rights relating to workers' compensation claims)"; and (3) Defendants' self-administration of workers' compensation claims." Motion at ¶ 7. In other words, Liberty "seeks to remove from the discovery process, from the consideration by experts and from trial" aspects of the claims handling process that PGT contemporaneously agreed with or which arose from PGT's own conduct. Liberty avers that, unlike a typical retrospective premium insurance arrangement, PGT (and its team of professionals) participated in nearly every significant decision at issue in this case. Thus, Liberty argues that PGT's ability to recover is barred by the doctrines of unclean hands and estoppel.

PGT contends that Liberty's claims handling and actions directly resulted in increased costs which inflated the retrospective premiums. PGT further contends that Liberty did not properly perform its contractual duties, which led PGT to engage outside claims consultants.

3

PGT contends that although it was advised of significant activity and participated in numerous meetings, Liberty retained full control over decisions impacting claims management and adjustment process. PGT avers that its alleged agreement as to claims handling decisions was based on the representations made to it by Liberty. PGT contends that the employment agreements it executed with truck drivers in Indiana were lawful and appropriate. In sum, PGT argues that Liberty's motion is premature and that discovery is essential to determine whether or not the affirmative defenses raised by Liberty are meritorious.

This Court has previously explained that retrospective premium arrangements are "qualitatively different" and create a unique duty of good faith and reasonableness for the insurer which extends to claims handling. It is readily apparent that the parties have substantial disagreements as to whether Liberty properly performed its contractual duties and whether the estoppel and unclean hands defenses are applicable. PGT is entitled to engage in discovery in pursuit of its legal theories. After development of an appropriate factual record, Liberty will have an opportunity to re-raise these contentions (if warranted) at the summary judgment stage of the case. It is premature to unilaterally strike these issues from the case at this juncture.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LIBERTY INSURANCE CORPORATION,** | )<br>)<br>) |
| **Plaintiff,** | )<br>) 2:11-cv-151 |
| v. | ) |
| **PGT TRUCKING, INC., and**<br>**SUDBURY EXPRESS, INC.,** | )<br>)<br>) |
| **Defendants.** | )<br>) |

## ORDER OF COURT

AND NOW this 8th day of August, 2011, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED:

The MOTION, PURSUANT TO FED. R. CIV. P. 16, SEEKING TO PRECLUDE DEFENDANTS FROM CHALLENGING ANY ASPECT OF PLAINTIFF'S CLAIMS HANDLING RELATING TO SETTLEMENTS, RESERVE CHANGES, AND/OR SIGNIFICANT CLAIMS HANDLING DECISIONS WITH WHICH DEFENDANTS AGREED; AND/OR FROM CHALLENGING PLAINTIFF'S CLAIMS HANDLING WITH REGARD TO ANY ISSUE THAT AROSE FROM OR RELATES TO DEFENDANTS' SELF-ADMINISTRATION OF WORKERS' COMPENSATION CLAIMS AND/OR FROM THE IMPROPER EMPLOYMENT AGREEMENTS THAT DEFENDANTS REQUIRED THEIR TRUCK DRIVING EMPLOYEES TO SIGN AS A CONDITION OF EMPLOYMENT (Document No. 63) filed by Plaintiff Liberty Insurance Corporation is **DENIED;** and

Defendants' "CROSS MOTION" (Document No. 74) is **DENIED**.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Jonathan M. Kuller, Esquire**
Email: JKuller@GoldbergSegalla.com
**Matthew R. Shindell, Esquire**
Email: mshindell@goldbergsegalla.com

**John T. Pion, Esquire**
Email: jpion@pionjohnston.com
**Timothy R. Smith, Esquire**
Email: tsmith@pionjohnston.com